| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, CO  80401 | DATE FILED: May 10, 2023 6:32 PM<br>FILING ID: B428F120F57BE<br>CASE NUMBER: 2023CV30626 |
| **Plaintiffs:**  EJ THOMPSON and DEBRA JEAN THOMPSON, individuals<br><br>v.<br><br>**Defendants:**  THOR MOTOR COACH, INC., a Delaware corporation, and K&C RV CENTERS, LLC, a Minnesota limited liability company, d/b/a CAMPING WORLD RV SALES | ▲COURT USE ONLY▲ |
| Benjamin M. Wilson, Atty. Reg. #44919<br>Megan Christensen, Atty. Reg. #50344<br>BERG HILL GREENLEAF RUSCITTI LLP<br>1712 Pearl Street<br>Boulder, CO 80302<br>Tel: (303) 402-1600; Fax: (303) 402-1601<br>Email: bmw@bhgrlaw.com; megan.christensen@bhgrlaw.com<br>*Attorneys for Plaintiffs* | Case No.:<br><br>Div.:              Ctrm.: |

**COMPLAINT AND JURY DEMAND**

Plaintiffs Ej Thompson ("**Ej**") and Debra Jean Thompson ("Debra"; Ej and Debra together, the "**Thompsons**" or "**Plaintiffs**"), by and through their undersigned counsel, hereby respectfully submit the following Complaint and Jury Demand (the "**Complaint**") against Defendants Thor Motor Coach, Inc., ("**Thor**") and K&C RV Centers, LLC d/b/a Camping World RV Sales ("**Camping World**"; Thor and Camping World together, "**Defendants**"), and in support thereof, state and allege as follows:

### I.     PARTIES

1.     Each Plaintiff is an individual residing in Jefferson County, Colorado.

2.     Upon information and belief, Thor is a Delaware corporation with a principal office located at 701 County Road 15, Elkhart, IN 46516.  Thor's Colorado registered agent is C T Corporation System, 7700 E. Arapahoe Rd. Ste. 220, Centennial, CO 80112.

3. Upon information and belief, Camping World is a Minnesota limited liability company with a principal office located at 250 Parkway Drive, Suite 270, Lincolnshire, IL 60069. Camping World's Colorado registered agent is C T Corporation System, 7700 E. Arapahoe Rd. Ste. 220, Centennial, CO 80112.

## II.   JURISDICTION AND VENUE

4. All prior and subsequent allegations are incorporated herein.

5. This Court has original jurisdiction over the subject matter of this dispute pursuant to Colorado Constitution Article 6, Section 9.

6. Defendants are subject to personal jurisdiction in this Court pursuant to C.R.S. § 13-1-124.

7. Venue is proper in this Court pursuant to C.R.C.P. 98 because this matter involves breaches of contract and torts committed in Jefferson County, contracts to be performed in Jefferson County, Thor's products are sold in Jefferson County, and Camping World operates a store selling Thor's products in Jefferson County.

## III.   GENERAL ALLEGATIONS

8. All prior and subsequent allegations are incorporated herein.

9. On or about June 29, 2022, Plaintiffs purchased a 2022 Thor Hurricane recreational vehicle with VIN number 1566F5DN1M0A08337 for $149,983.66 (the "**RV**") from the Camping World store located at 16000 W. Colfax Avenue in Golden, CO (the "**Dealer**"), pursuant to a purchase contract between Plaintiffs and Camping World of the same date (the "**Contract**"; **Exhibit A**).

10. Plaintiffs had previously test-driven a similar vehicle that they were prepared to purchase from Camping World, but Camping World told Plaintiffs that the first vehicle had suddenly developed defects that would take significant time to repair.

11. The RV, however, was available for purchase.

12. Camping World told Plaintiffs that the RV was "a little better" than the original vehicle and should cost $2,500 more, but they would sell it to Plaintiffs for the same price so they were getting a "better deal."

13. Plaintiffs were not given the opportunity to test drive the RV.

2

14. Based on Camping World's representations that the RV was in perfect condition and exactly what Plaintiffs needed, Plaintiffs purchased the RV.

15. The RV was accompanied by a 12-year structural and 6-year lamination limited warranty (the "**Limited Warranty**"; **Exhibit B**.)

16. The Limited Warranty ostensibly limits the implied warranty of merchantability to the scope of coverage under the Limited Warranty.  (*Id.* at 6.)

17. The Limited Warranty goes on to state that coverage ends twelve (12) months after the first retail owner takes delivery of the motorhome, despite the fact that the cover page of the Limited Warranty states that is a "12 Year Structural/ 6 Year Lamination" warranty.  (*Id.* at 8.)

18. The Limited Warranty, among many other exclusions, also ostensibly excludes from coverage "[t]he leveling jacks, the automotive chassis and power train, including, by way of example, the engine, drive-train, steering, ride and handling, braking, wheel balance, muffler, tire wear or failure, tubes, batteries and gauges."  (*Id.* at 7.)

19. The Limited Warranty states that if the primary repair remedy fails, then the sole remedies are for Thor to pay an independent service shop to make repairs or pay diminished value damages.  (*Id.* at 9.)

20. There is no option for Plaintiffs to elect a refund or replacement of the RV.  (*See generally id.*)

21. Shortly after purchasing the RV, Camping World also installed solar panels and a washing machine and dryer at an additional cost of approximately $9,800.

22. The washing machine flooded 3 or 4 days after being installed.

23. Plaintiffs began noticing defects in the RV almost immediately, and first took it to Camping World's service center on July 6, 2022 for repairs.

24. At this time, the defects to be addressed were roof leaks, wall leaks, non-functioning windshield wipers, a large screw popping through the floor, and the front door of the unit popping open.

25. The only defect that was repaired at this time was the roof leak.

26. Camping World represented to Plaintiffs that the windshield wipers were also fixed, but as Plaintiffs discovered during a downpour while driving the RV, that was not the case.

3

27. After the first repair visit, the RV exhibited alignment problems that the Dealer could not repair, so Plaintiffs were forced to take it to Rush Truck Center ("Rush") for alignment repairs.

28. Rush attempted to repair the alignment but informed Plaintiffs that it could not be fully repaired.

29. Afterwards, Plaintiffs were still forced to drive with the steering wheel turned approximately 3-4 degrees to the right in order for the RV to travel straight.

30. Plaintiffs next returned the RV to the Dealer for additional repairs on July 25, 2022, where it stayed until on or around August 1, 2022.

31. The defects on this trip were largely the same as the defects that the first trip to the Dealer never fixed, as well as additional repairs to the inside of the RV.

32. Plaintiffs only regained possession of the RV for about a week until they had to take it back to the Dealer for even *more* repairs from August 8, 2022 until August 16, 2022.

33. Plaintiffs' primary concern at this point was that the front door was still popping open, they could not lock it, and one morning they awoke to find the door wide open and an unhoused person sitting on their chair just outside the door.

34. This time Plaintiffs were able to remain in possession of the RV for an entire month before they were forced to return it to the Dealer yet again to address new and existing defects, as comprehensively listed below, on or around September 14, 2022.

35. The RV is currently still at the Dealer, nearly 8 months later, unrepaired.

36. The RV's complete list of defects, at least as known to Plaintiffs thus far, is as follows:

- Plastic end cover missing on awning
- Broken corner piece on rear extension
- Leak behind driver's seat; was fixed but still leaks
- Living room window shade broke
- Tear in vinyl floor behind driver's seat (repaired)
- Plastic guard at front door broken
- Plastic knock out was left in the inverter and was making a loud noise; was removed
- Piece fell off of shelf in refrigerator
- Refrigerator door pops open
- Roof leak at bath ceiling (repaired)

- Alignment – unit was taken to Rush Truck center.  The tech told Mr. Thompson "he did the best he could but it's still off"; RV is still pulling
- Outlet in master bedroom broke (Plaintiffs repaired)
- Shower door off runners (repaired)
- Auto-leveling not functioning properly; vehicle will not stay level, loses pressure, and has to be reset frequently
- Broken water pipe (Plaintiffs repaired)
- Hot and cold water lines reversed (repaired)
- Bath mirror fell off the wall because it was only originally hung with ½" screws (Plaintiffs repaired)
- A/C was not working at all due to being empty and had to be recharged (Plaintiffs had this repaired for $150)
- Cabinet door below sink pops open (Plaintiffs repaired)
- Fabric under sink is all jammed
- Windshield wipers not working
- Screws on floor popping up
- Front sun screen has a tear in it
- Front door pops open; won't lock
- Loose wires at stairs (repaired)
- Rear camera not working
- Washing machine hook up leaks
- Generator exhaust was not connected, resulting in poisonous fumes filling the RV at night and Plaintiffs surviving because the CO alarm went off
- Bottom of most of the cabinetry is delaminating largely due to water leaks
- Fold up counter fell off
- Rust spots on ceiling over front bed
- Sewer odor at couch behind passenger seat
- After market flex line is hanging
- Bath faucet loose
- Bath vanity is falling apart
- Screws falling from ceiling at front windshield
- Wall panels are falling apart
- The extensions are not functioning properly; Plaintiffs had to go back and forth several times to get it in and it still won't fully retract
- Rubber edge at stairs is falling off
- Screw popping up by the passenger seat
- Ceiling is coming apart at joint above table
- Drawer in walk-in closet falling apart (Plaintiffs repaired)
- Compartment door pops open and won't lock
- Decals are peeling off on driver's side
- Exterior awning is leaning down (tilted)
- Engine revs up to about 4500 rpm at random times

- Bedroom door keeps popping if the track; Plaintiffs put a cable on it because the bottom of the door has had screws put in so many times there's nothing left
- Bed over driving area started coming down on the left side; now it won't come down or go up

37. Defendants have failed and refused to repair most of these defects or otherwise compensate Plaintiffs for the defective RV.

38. As a result of the foregoing, Plaintiffs have suffered damages in an amount to be determined by the trier of fact.

## IV.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Breach of Contract—against Camping World)**

39. All prior and subsequent allegations are incorporated herein.

40. Plaintiffs and Camping World are parties to the Contract, which is a binding and enforceable contract.

41. Plaintiffs have performed and continue to perform all of their obligations under the Contract.

42. Camping World breached the Contract by failing to deliver a new RV to Plaintiffs in working order.

43. As a direct result of the foregoing, Plaintiffs have suffered damages in an amount to be determined by the trier of fact.

44. Plaintiffs pray for relief below.

### SECOND CLAIM FOR RELIEF
**(Breach of Duty of Good Faith and Fair Dealing—against both Defendants)**

45. All prior and subsequent allegations are incorporated herein.

46. Defendants breached the contractual duty of good faith and fair dealing they owed to Plaintiffs, which duty is implied in every contract under Colorado law.

47. Defendants' actions are inconsistent with the agreed common purpose of the Contract, which was for Defendants to supply to Plaintiffs a new RV in working condition.

4885-6352-7006, v. 9

48. Defendants' actions are outside of the reasonable expectations of the parties under the Contract.

49. As a direct and proximate result of the foregoing, Plaintiffs have suffered damages in an amount to be determined by the trier of fact.

### THIRD CLAIM FOR RELIEF
**(Unjust Enrichment—against both Defendants)**

50. All prior and subsequent allegations are incorporated herein.

51. Defendants received a benefit from Plaintiffs, namely payment of nearly $150,000 for an RV that is for all intents and purposes inoperable.

52. Defendants received the benefit of Plaintiffs' money at Plaintiffs' expense.

53. Defendants acted wrongfully and improperly in accepting and retaining the benefit from Plaintiffs once it was known that RV is defective.

54. The circumstances under which Defendants received this benefit at Plaintiffs' expense make it unjust for Defendants to retain the benefit without compensating Plaintiffs for the same.

### FOURTH CLAIM FOR RELIEF
**(Colorado Consumer Protection Act–against both Defendants)**

55. Plaintiffs incorporate all prior and subsequent allegations as though fully set forth herein.

56. Under the Colorado Consumer Protection Act (the "**CCPA**"), C.R.S. § 6-1-105, which prohibits (among other things) "knowingly or recklessly mak[ing] a false representation as to the characteristics [or] benefits … of … services" and "represent[ing] that … services … are of a particular standard, quality, or grade … if he knows or should know that they are of another," or "[r]epresent[ing] that goods…services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another", Defendants engaged in unfair and deceptive trade practices by making a misrepresentation to Plaintiffs regarding the quality and characteristics of the RV manufactured by Thor and sold by Camping World, including but not limited to statements about the RV being the best unit made in the United States.

57. Defendants also violated the CCPA, specifically C.R.S. § 6-1-105, by failing to disclose material information concerning goods, services, or property which information was

known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction.

58. Upon information and belief, Defendants continue to engage in similar unfair or deceptive trade practices by making similar misrepresentations to the general public in their promotional and advertising materials via the internet, including but not limited to misrepresentations, in violation of the CCPA, specifically C.R.S. § 6-1-105.

59. Defendants made and continue to make these misrepresentations in the course of their business.

60. These unfair and deceptive trade practices have had a significant impact on Plaintiffs as actual customers and purchasers of Defendants' goods (namely, the RV), and such unfair and deceptive trade practices have the significant potential to impact the public in the future as actual or potential consumers of their goods, given the large swath of actual and potential consumers reached by their promotional and advertising materials that are widely distributed to the market generally via the Internet.

61. Plaintiffs suffered injury in fact to a legally protected interest as a result of Defendants' unfair or deceptive trade practices.

62. Defendants' unfair or deceptive trade practices caused Plaintiffs' actual damages in an amount to be determined at trial, including but not limited to costs to repair and other actual and consequential economic and noneconomic damages.

## **FIFTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability—against both Defendants)**

63. All prior and subsequent allegations are incorporated herein.

64. Defendants developed, designed, manufactured, assembled, constructed, marketed, sold, and/or distributed the RV to Plaintiffs.

65. Defendants are merchants with respect to the RV they sold to Plaintiffs and impliedly warranted, among other things, that such parts were of good and merchantable quality and fit for Plaintiffs' use.

66. Colorado law provides that a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

67. Colorado law provides that, to be merchantable, goods must pass without objection in the trade under the contract description; and be fit for the ordinary purposes for

4885-6352-7006, v. 9

which such goods are used, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved.

68. As set forth above, the RV was not suitable for any of its purposes, including but not limited to living in it for any period of time or driving it for any distance, and as such was not merchantable.

69. Defendants' conduct constitutes breach of the implied warranty of merchantability.

70. Defendants' breach of the implied warranty of merchantability has caused and continues to cause Plaintiffs damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
**(Violation of Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*—against Thor)**

71. All prior and subsequent allegations are incorporated herein.

72. Plaintiffs are buyers of a consumer product and are consumers within the meaning of 15 U.S.C. § 2301(3).

73. Plaintiffs purchased tangible personal property (the RV), which is a consumer product under 15 U.S.C. § 2301(1).

74. Thor made a consumer product directly or indirectly available to Plaintiffs, issued the Limited Warranty for the RV, and is a supplier within the meaning of 15 U.S.C. § 2301(4).

75. As described above, Thor failed to remedy multiple defects and malfunctions in the RV and failed to conform with both written and implied warranties in a reasonable amount of time.

76. Thor breached the implied warranty of merchantability under state law.

77. Thor issued a Limited Warranty for the RV that purported to limit the scope of the implied warranty of merchantability, did not offer Plaintiffs the remedy of a refund if repairs could not be made in a reasonable amount of time, failed to offer Plaintiffs the remedy of a refund *when* repairs could not be made in a reasonable amount of time, included conflicting language about the term of the warranty, and included confusing language ostensibly excluding the vast majority of the RV components from the warranty, all in violation of 15 U.S.C. §§ 2302 and 2304.

78. Plaintiffs are entitled to file this claim in any court of competent jurisdiction in any state pursuant to 15 U.S.C. § 2310(d).

4885-6352-7006, v. 9

79. Accordingly, Plaintiffs are entitled to damages in an amount to be determined by the trier of fact, as well as an award of attorney fees and costs.

## SEVENTH CLAIM FOR RELIEF
### (Fraud in the Inducement—against Camping World)

80. All prior and subsequent allegations are incorporated herein.

81. In the course of its business, Camping World intentionally misrepresented material facts to Plaintiffs. These misrepresentations included (i) that the RV was in perfect condition, even though they were aware that it was not; and (ii) Camping World would timely perform its obligations in good faith under the Contract and perform thereunder and keep its promises in good faith, although it did not intend to do so.

82. The foregoing representations were false when they were made.

83. At the time the foregoing representations were made, Camping World knew they were false.

84. Alternatively, Camping World acted with a reckless disregard as to the truth or falsity of the above representations.

85. Camping World made the foregoing representations intending that Plaintiffs would rely on them by purchasing the RV.

86. Plaintiffs justifiably relied on these material misrepresentations by purchasing the RV.

87. As a direct and proximate result of the foregoing, Plaintiffs have suffered damages in an amount to be determined by the trier of fact.

## EIGHTH CLAIM FOR RELIEF
### (Negligent Misrepresentation--against Camping World)

88. All prior and subsequent allegations are incorporated herein.

89. In the course of its business, Camping World misrepresented material facts to Plaintiffs without exercising reasonable care. These misrepresentations included (i) that the RV was in perfect condition, even though they were aware that it was not; and (ii) Camping World would timely perform its obligations in good faith under the Contract and perform thereunder and keep its promises in good faith, although it did not intend to do so.

90. Camping World misrepresented these material facts for the guidance of Plaintiffs in purchasing the RV, knowing and intending that Plaintiffs would rely upon these misrepresentations.

91. Plaintiffs justifiably relied on these misrepresentations by purchasing the RV.

92. As a direct and proximate result of the foregoing, Plaintiffs have suffered damages in an amount to be determined by the trier of fact.

## V. JURY DEMAND

**PLAINTIFFS DEMAND TRIAL BY JURY OF ALL CLAIMS AND ALL ISSUES SO TRIABLE.**

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Enter judgment in their favor and against Defendants on all of Plaintiffs' claims;

2. Award Plaintiffs all economic and non-economic damages arising from the actions alleged above and as may be discovered through litigation, in an amount to be determined by the trier of fact;

3. Award Plaintiffs their reasonable attorney fees and costs, and applicable pre-judgment interest, and post-judgment interest; and

4. Grant Plaintiffs such other and further relief that the Court deems appropriate under the circumstances.

Respectfully submitted this 10th day of May, 2023.

BERG HILL GREENLEAF RUSCITTI LLP

*[Pursuant to Rule 121, the signed original is on file at Berg Hill Greenleaf Ruscitti LLP]*

*s/Benjamin M. Wilson*

Benjamin M. Wilson
Megan Christensen
*Attorneys for Plaintiffs*

4885-6352-7006, v. 9

<u>Plaintiffs' addresses:</u>
4942 S. Zephyr St.
Littleton, CO 80123

4885-6352-7006, v. 9